UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLES SCOTT ROBIDER,

Plaintiff,

v.  4:14-cv-138

PEPSICO BOTTLING GROUP,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court dismiss Charles Scott Robider's employment discrimination action with prejudice, ECF No. 4. For the reasons set forth below, the Court *VACATES* the Magistrate Judge's R&R.

### II. BACKGROUND

On January 30, 2015, the Magistrate Judge issued an order granting Robider leave to proceed *in forma pauperis* ("IFP"). ECF No. 3. In doing so, the Magistrate Judge screened Robider's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that the Complaint failed to state a claim. *Id.* at 2. Accordingly, the Magistrate Judge allowed Robider twenty-one days to properly plead his case and warned that "failure to do so w[ould] likely result in . . . dismissal." *Id.* at 3-4. But Robider failed to heed the Magistrate Judge's instruction and, on April 3, 2015, the Magistrate Judge recommended that Robider's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41(b). ECF No. 4 at 1.

### III. STANDARD OF REVIEW

The Court reviews *de novo* any portions of a magistrate judge's R&R "to which objection is made." 28 U.S.C. § 636(b)(1). Where neither party files objections, the Court's review is for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court . . . must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)); *see also Butler v. Emory Univ.*, 45 F. Supp. 3d 1374, 1382 (N.D. Ga. 2014) ("[P]ortions of the R&R to which no objection is made need be reviewed only for clear error." (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### IV. ANALYSIS

Although Robider has not objected to the Magistrate Judge's R&R, the Court finds clear error in the recommendation and therefore substitutes this order in its stead.

#### A. Rule 41(b)

The Magistrate Judge recommended that the Court dismiss Robider's case pursuant to Federal Rule of Civil Procedure and Local Rule 41(b). ECF No. 4. Dismissal of a complaint pursuant to Rule 41(b) "is an extreme sanction that may be properly

imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt . . . ; and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (emphasis in original) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). The Eleventh Circuit "rigidly require[s] the district courts to make these findings precisely '[b]ecause the sanction of dismissal with prejudice is so unsparing' and [the Court of Appeals] strive[s] to afford a litigant his or her day in court, if possible." *Id.* at 1339 (second alteration in original) (quoting *Mingo v. Sugar Cane Growers Co-Op. of Fla.*, 864 F.2d 101, 103 (11th Cir. 1989)). Indeed, failure to make such specific findings generally warrants reversal. *See Mingo*, 864 F.2d at 102 ("Although [the Eleventh Circuit] occasionally ha[s] found implicit in an order the conclusion that lesser sanctions would not suffice, [it] ha[s] never suggested that the district court need not make that finding, which is *essential* before a party can be penalized for his attorney's misconduct." (emphasis added) (citation omitted) (internal quotation marks omitted)).

### B. Application

Here, the Magistrate Judge failed to make specific findings as to both whether Robider engaged in a clear pattern of delay or willful contempt and as to whether lesser sanctions would sufficiently address any purported misconduct. The Magistrate Judge instead summarily recommended dismissing Robider's Complaint with prejudice.

The Court finds that the Magistrate Judge's recommendation is clearly erroneous. At worst, Robider's failure to comply with the Magistrate Judge's order to replead his cause of action was due to negligence. But "[m]ere negligence . . . is not sufficient to justify a finding of delay or willful misconduct" necessary to support the sanction of dismissal with prejudice. *See Bettis v. Toys "R" US—Del., Inc.*, 273 F. App'x 814, 818 (11th Cir. 2008) (citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)).

Courts in the Eleventh Circuit "have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever possible." *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). This is not to say procedure does not matter—it does. Nor is it to say failure to abide by the Court's orders cannot result in the sanction of dismissal—it can. Rather, it is to say that the record in this case clearly does not support the sanction of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### V. CONCLUSION

The Court found that the Magistrate Judge's recommendation that Robider's case be dismissed with prejudice was clearly erroneous and therefore *VACATED* the Magistrate Judge's R&R, ECF No. 4.

The Court is left, then, to fashion an appropriate sanction for Robider's failure to obey the Magistrate Judge's initial order. Where grounds for dismissal with prejudice under Federal Rule of Civil Procedure 41(b) do not lie, courts may opt instead for the

2

lesser sanction of dismissal without prejudice. *See Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 684 (11th Cir. 2010) ("[W]e normally apply 'a less stringent standard of review to a . . . dismissal of a suit without prejudice, because plaintiff would be able to file his suit again." (second alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976))). But the Court's review of the record reveals that even dismissal without prejudice would be improper in this case as such a dismissal would be tantamount to a dismissal with prejudice.

Robider received his Notice of Right to Sue letter from the United States Equal Opportunity Commission on April 4, 2014. ECF No. 1 at 2. From that date, Robider had ninety days—until July 3, 2014—to file suit. 42 U.S.C. § 2000e-5(f)(1). Thus, if the Court opted to dismiss this action without prejudice, Robider likely would be time-barred from refiling this action. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."); *see also Patel v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 517 F. App'x 750, 753 (11th Cir. 2013) (concluding in a Title VII action that timely filing of an initial complaint, "by itself, d[id] not warrant equitable tolling" of the limitations period).

Therefore, the Court concludes that the record does not support dismissal of Robider's case without prejudice. Instead, the Court **ORDERS** Robider to, within twenty-one days of this order, furnish "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In closing, the Court warns Robider that failure to timely comply with this Order *will* result in dismissal of this case.

This 18 day of May 2015.

_____
LISA GODBEY WOOD
CHIEF JUDGE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA

3